### A. Morales *v.* The State.

1. Practice.—Article 586 of the Code of Criminal Procedure, allowing two addresses to the jury in felony cases, does not apply when the accused has but one counsel, unless he himself sees fit to address the jury.

2. Same.—Counsel for the state, in his opening address to the jury, should fairly develop his case and state the law on which he relies. If he defers this till his second address, the presiding judge may allow the defendant's counsel to reply, and afterwards permit the state's counsel to close the argument.

Appeal from the District Court of Webb. Tried below before the Hon. Edward Daugherty.

The facts are stated in the opinion.

*Wm. H. Russell,* for the appellant. The right of the

defendant to be heard twice before the jury, in prosecutions for felony, is an absolute statutory right. It is an essential right—not to be used in the discretion of the court, but the defendant may avail himself thereof when he or his counsel shall deem it necessary for the defense, and of such necessity they are the sole judges.

This was a felony trial. The court restricted the " argument to a less number of addresses than two" for the defense, and, in doing so, it disregarded the law, and used a power which the statute says it " *shall never* " exercise.

There was but one witness to the alleged act, and that one the party pretending to have been injured. His words appear in the statement of facts; his appearance and manner before the jury cannot. The witness declares that he and the accused were alone at the time of the alleged act. There was no protection against perjury in the case; the accused was at the mercy of any statement the witness should make, relying solely upon his manner and appearance before the jury, in testifying, to refute his statement.

The appearance and manner of the witness in delivering his testimony were proper subjects for argument, and, to impress the jury with the contradiction between these and his words, the defense was entitled to every opportunity or suggestion which might occur in two addresses in his behalf; and the restricting of his counsel to one address, when he believed it necessary, and claimed the right, to reply to the prosecution in the second address, was the denial of an essential right of defense.

If the counsel for the defense, by a second address, could have impressed the jury with the belief that the witness, from his manner and appearance, or any other incident of the trial, had made an improbable statement, not worthy of credit, or could even have further reduced the punishment, then the exercise of the right to a second hearing before the

jury was exceedingly important and essential to the defendant, and in his being, by the court, restricted from such exercise he did not have a fair and impartial trial.

It has been contended that the Article of the law above quoted, taken in connection with the preceding Article (Art. 3050, Pasc. Dig.), is designed as the rule when there are two or more counsel on each side. This, in opinion of counsel, is not tenable. Nothing of the kind is implied in either of the Articles ; and shall it be said that the accused with two counsel is entitled to more rights than the defendant with one counsel, which he is able to secure, or which may be assigned him by the court?

If the law so intended, it would have said so.

Again, it is fair to presume that felony cases are defended oftener by one counsel than by two or more ; and, as the law says that in such trials neither side shall be restricted to a less number of addresses than two, can it be held that the *one* counsel shall make his first address for the defense, in reply to the opening of the prosecution, resume his seat, and afterwards proceed to address the jury a second time, before further argument by the counsel for the state? This is what the ruling of the court means, if it means anything. It is an onerous requirement, and involves an exceedingly absurd proceeding.

The accused is guaranteed by the Constitution the right of being heard by himself or counsel, or both, before an impartial jury. Sec. 10, Bill of Rights.

How shall he be heard? In the manner as it may please the court, or as regulated by law? The answer is too apparent.

The right of the accused to be heard as regulated by law is as much a constitutional right of the defense as the impaneling of the jury and confrontation of the witnesses. It is one of the chief incidents of a jury trial; and, if this right is

denied or abridged, the right of trial by jury is violated, in disregard of the written law and the spirit of the Constitution.

It is submitted that the court committed such a violation of the law of procedure, and denied the accused such an essential right of defense, that the judgment should be reversed and the cause remanded.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, Presiding Judge. The defendant was indicted at the October term, 1876, of the district court of Webb county, for the robbery of one Ambrosio Rodrigues, on the 1st day of October, 1876, in Webb county, and tried on the 12th day of October, 1876, when a verdict of guilty was rendered by the jury, who assessed his punishment at three years' confinement in the penitentiary. There was a motion for new trial, which was refused by the court, and an appeal taken by the defendant.

The counsel for the defendant assigned the following errors :

" 1st. The verdict of the jury is contrary to the law and the evidence.

" 2d. The court erred in overruling defendant's motion for a new trial.

" 3d. The court erred in restricting defendant's counsel, on the trial of this cause, to less than two addresses to the jury, as shown by defendant's 1st bill of exceptions."

The 1st and 3d assignment of errors are the reasons which were set forth in defendant's motion for new trial. The entire evidence in the case we will give in this opinion. Ambrosio Rodrigues (the person alleged in the indictment to have been robbed) testified " that on the 1st or 2d of October of this year (1876), in the city of Laredo, Webb

32

county, the accused asked him to go to see a woman with him. They went on to edge of town, in and through the mesquite brush; witness had a pistol on; a rabbit jumped up before us; accused borrowed his pistol to shoot the rabbit, when he cocked the pistol and placed it at breast of witness, told him to surrender, and he, much afraid of his life, did surrender, when the accused put his left hand in his pocket and took from him five silver dollars, the pistol still at the breast of witness. He had received $37 from a check of the store of Macdonell on the evening of the day before the robbery, which statement was also proved by the clerk, Thomas Ryan."

All we deem it necessary to say as to the 1st error assigned is that, if the jury believed the testimony of Rodrigues was true, this assignment is not well taken.

We will now proceed to notice the 3d error assigned. The record shows that, after the testimony in the case had closed, the county attorney, for the state, made the opening address to the jury, and he was followed in a speech by the counsel for the defendant; that the county attorney then addressed the jury; and that then the counsel for the defendant again commenced to address the jury, when he was ordered by the presiding judge to desist on the ground that before the commencement of the argument he had not notified the court of his desire to make two speeches to the jury in the case. The court would not allow the counsel for the defendant to again address the jury. The defendant's counsel mainly relies on this ruling, which he claims is an error in the action of the court below in refusing to permit him to make another speech to the jury. In fact, this seems to be the only point on which he relies for a reversal of the case, and is the only one discussed in his brief. In support of his position that his right to make two speeches in the case was a legal one, secured to his client by law, of which the court could not lawfully deprive

him, he cites us, in his brief, to Article 3051 of the Code of Criminal Procedure. It is necessary, to a proper con-struction of Article 3051, that it be considered in connection with the Article of the Code of Procedure which immediately precedes it. They are as follows:

" Art. 3050. When a criminal cause is to be argued the order of argument may be regulated by the presiding judge ; but in all cases the state's counsel shall have the right to make the concluding address to the jury.

" Art. 3051. In prosecutions for felony the court shall never restrict the argument to a less number of addresses than two on a side."

It often occurs that more than two attorneys on a side desire to address the jury. In order, therefore, to prevent them from consuming too much of the valuable time of the court, and yet not deprive the defendant of a fair trial, the legislature saw proper to confer upon the presiding judge the right to restrict the argument to two speeches on a side in prosecutions for felony. It was never the intention of the legislature to confer upon the defendant or his counsel the power of having two speeches in his defense if he had only one counsel. If the court has the power to restrict the speeches to two on a side, and if, in regulating the argument, he is required to give the state's counsel the opening and concluding address to the jury, then the defendant, to avail himself of the right of having two speeches on his side, must have two counsel to defend him, or, if he has only one counsel, then he and his counsel must both make a speech. It would be nonsense to say, if he had only one counsel, that this counsel should make a speech, announce that this was his first speech, then announce that he would make his second speech, and proceed to do it. The construction put upon these two Articles ( 3050 and 3051) by the courts of the country has been too long and too well

settled to be now disturbed, unless that construction is clearly wrong.

The state's counsel, in his opening speech, should fairly develop his case and give the law on which he relies. The presiding judge should require him in all cases to do this. If he failed to do this until his second speech, the presiding judge, in his discretion, would be authorized to let the defendant's attorney again address the jury, and then to allow the state's counsel to close the argument.

We will admit, however, for the sake of the argument, that our construction of Article 3051 is not correct, and still, we think, if the counsel for the defendant in the case at bar intended to claim the right to make two speeches in the case, he should have notified the court of his intention before the commencement of the argument to the jury. On his failure to give such notice the court would properly conclude that he had waived this right. Certainly it would be too late for him to assert his right to make two speeches to the jury after the state's counsel had concluded his argument. It is not pretended that the state's counsel did not fully and fairly, in his first speech, present the law and facts upon which he relied for conviction.

It is insisted, in substance, on the part of the defense that, as there was but one witness to the alleged act, and that one the party "pretending to have been injured," the accused was at the mercy of any statement the witness should make, and that the counsel for the accused had solely to rely upon the manner and appearance of this witness before the jury, in testifying, to refute his statement, and that the defendant was entitled to every opportunity or suggestion which might occur in two addresses in his behalf to comment on the appearance and manner of witness in delivering his testimony, and thus impress the jury with the belief that this witness had made an improbable story, and

was not worthy of credit. So far as the transcript shows, the counsel for the defendant was not restricted as to time in his address to the jury. He had the benefit of a complete discussion of all the matters of law and evidence embraced by the case. After the witness, Rodrigues, was examined there was no effort made to impeach his testimony by disproving the facts stated by him by the testimony of other witnesses, by general evidence affecting his credit for veracity, or by proof that he has made statements out of court contrary to what he has testified at the trial; and, so far as we have been able to ascertain from the statement of facts, neither the direct nor the cross-examination of this witness exhibit any improbabilities in his testimony.

We believe that the defendant had a fair trial by an impartial jury, and that he was not deprived of any legal right on the trial by the action of the court below.

The judgment of the district court is affirmed.

*Affirmed.*